## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Donald Castle, | : | |
| Plaintiff, | : | Case No. 5:14-cv-01549-SO |
| | : | |
| vs. | : | JUDGE SOLOMON OLIVER, JR. |
| | : | |
| | : | |
| Thomas Abdallah, et al, | : | ANSWER OF MARK M. GEORGE |
| Defendants. | : | |

Now comes Defendant Mark M George ("George") as the "Answering Defendant", to state for his Answer to Plaintiff's Complaint as follows:

1.      The Answering Defendant respectfully declines to answer Paragraph 1 and 2  based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraphs 1, 2 and 3 of the Complaint, and therefore denies them.


2.      The Answering Defendant respectfully declines to answer Paragraph 3 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985),  Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George admits Grant and Abdallah represented KGTA was in said business, but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the other allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.


3.      The Answering Defendant respectfully declines to answer Paragraph 4 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient

information necessary to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

4.      The Answering Defendant respectfully declines to answer Paragraph 5 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985),  Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George believes that KGTA was in the oil and fuel business, but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the other allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

5.      The Answering Defendant respectfully declines to answer Paragraph 6 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

6.      The Answering Defendant respectfully declines to answer Paragraph 7 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985),  Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George did not believe sales were fake, believed there were customer relationships and there were revenues, but otherwise has lack of knowledge or insufficient information necessary to form a belief to the truth of the other allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

7.    The Answering Defendant respectfully declines to answer Paragraph 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22,23, 24 and 25  based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George admits there was an Escrow agreement and Joint Venture agreement with

terms as stated but denies Paragraph 22, and further, George has lack of knowledge or insufficient information necessary to form a belief as to the truth of all the allegations set forth in Paragraphs above of the Complaint, and therefore denies them.

8.     The Answering Defendant respectfully declines to answer Paragraph 26 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However, Defendant George admits 26 for himself, Grant, Abdallah and KGTA defendants but George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations of other defendants set forth in Paragraph 26 of the Complaint, and therefore denies them.

9.     The Answering Defendant respectfully declines to answer Paragraphs 27,28,29 and 30 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests  the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies 27 and 30, second sentence, but has lack of knowledge or insufficient information necessary to form a belief as to the truth of other allegations set forth in Paragraphs 27,28,29,30 of the Complaint, and therefore denies them.

10.     The Answering Defendant respectfully declines to answer Paragraph 31 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George admits the paragraph but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, as to the age and the managing member and therefore denies them.

11.     The Answering Defendant respectfully declines to answer Paragraph 32 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985),  Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George admits this paragraph but has lack of

knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, as to the age and the resident and therefore denies them.

12.     The Answering Defendant respectfully declines to answer Paragraph 33 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, as to the age  and the managing member and therefore denies them.

13.     The Answering Defendant respectfully declines to answer Paragraph 34 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However, Defendant George admits the paragraph but denies the allegations as to age and being responsible as set forth in Paragraph 34.

14.     The Answering Defendant respectfully declines to answer Paragraphs 35,36,37,38 and 39 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George admits the paragraph but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in the Paragraphs 35,36,37,38 and 39 of the Complaint, and therefore denies them.

15.     The Answering Defendant respectfully declines to answer Paragraph 40 41 and 42 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies the paragraph but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraphs 40, 41, 42 of the Complaint, and therefore denies them.

16.     The Answering Defendant respectfully declines to answer Paragraph 44, 45 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

17.     The Answering Defendant respectfully declines to answer Paragraph 46,47,48,49 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies these paragraphs as to himself, but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in these  Paragraphs of the Complaint, and therefore denies them.

18.     The Answering Defendant respectfully declines to answer Paragraph 51 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies them.

19.     The Answering Defendant respectfully declines to answer Paragraph 52 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies the Paragraph and has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies them.

20.     The Answering Defendant respectfully declines to answer Paragraphs 53, 54, 55  based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in these Paragraphs  53, 54, 55  of the Complaint, and therefore denies them.

21.     The Answering Defendant respectfully declines to answer Paragraphs 56, 57, 58, 59 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies these Paragraphs as to himself but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in these Paragraphs of the Complaint, and therefore denies them.

22.     The Answering Defendant respectfully declines to answer Paragraph 60 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies has lack of knowledge or insufficient information necessary to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies them.

23.     The Answering Defendant respectfully declines to answer Paragraph 62 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies the Paragraphs 62 , 63, 64 but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the other allegations set forth in Paragraph 62, 63, 64 of the Complaint, and therefore denies them.

24.     The Answering Defendant respectfully declines to answer Paragraph 65 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the

Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George admits there was a duty but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the other allegations of named specific duties set forth in Paragraph 65 of the Complaint, and therefore denies them.

25.     The Answering  Defendant respectfully declines to answer Paragraph 66 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies this Paragraph 66 but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the  allegations set forth in Paragraph  of the Complaint, and therefore denies them.

26.     The Answering Defendant respectfully declines to answer Paragraphs 68, 69, 70, 72, 73 based on the protection guaranteed by the Fifth Amendment to the United States Constitution and by Section 10, Article 1 of the Ohio Constitution. Pursuant to Rogers v. Webster, 776 F.2d 607, 611 (6th Cir. 1985), Defendant George requests that the Court treat this claim of privilege as equivalent to a specific denial and put the Plaintiff to his proof of the matters asserted. However Defendant George denies  Paragraphs 68, 69, 70, 72, 73 but has lack of knowledge or insufficient information necessary to form a belief as to the truth of the other allegations and defendants set forth in these Paragraphs 68, 69, 70, 72, 73 of the Complaint, and therefore denies them.

## AFFIRMATIVE DEFENSES

27.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

28.     Plaintiff's claims are barred by the doctrines of  estoppel and waiver.

29.     Plaintiff's claims are barred as Plaintiff failed to plead fraud with particularity.

30.      Plaintiff's claims are barred by statute of limitations, statute of frauds and/or parol evidence rule.

31.     Plaintiff's claims may be barred by failure to join a party.

32.     Plaintiff's claims are barred by doctrines of intervening or supervening causes.

33.     The actions or conduct of Defendant George were not the cause or proximate cause of the Defendant George, rather the damages were caused or were the proximate cause by other persons. If any damages are awarded than they are to be recovered from those other responsible parties.

34.     Plaintiff's claims are barred because of conditions unrelated to Defendant's conduct and lack of causal relationship.

35.     Plaintiff has failed to mitigate his damages.

36.     Plaintiff's claims are barred by Plaintiff's assumption of risk.

37.     Plaintiff's claims are barred by the doctrine of ratification.

38.     Plaintiff's claims are barred because there was no reliance.

39.     Plaintiff's claims are barred by Plaintiff's comparative negligence, Plaintiff's own conduct, or the conduct of Plaintiff's agents, /representatives and/or consultants, including contributory negligence.

40.     Defendant reserves the right to add to, delete or modify these additional affirmative or other defenses.


WHEREFORE, Defendant Mark M George humbly prays that the Court dismiss Plaintiff's Complaint against him with prejudice, and award him costs herein, plus reasonable attorney's fees, and such other further relief as this Court deems just and proper.


Respectfully submitted,


/s/Mark M. George
Mark M. George (0041021)
Crown Centre
5005 Rockside Road Suite 600
Independence, Ohio 44131
(216) 524-7100 (Phone)
markgeorgeatty@gmail.com
Defendant


## CERTIFICATE OF SERVICE

On this 10 th day of February, 2015, a copy of the foregoing Answer was served via ECF on Scott A. Kelly of Roberts Kelly & Bucio, LLP, 247 West Court Street, Sidney, Ohio 45365, and all other parties have been electronically filed pursuant to the Court's electronic filing system, and all parties shall be automatically noticed pursuant to this Court's rules, and by regular United States mail, facsimile, or electronically to any unrepresented parties and to any counsel not registered for ECF service.


 /s/ Mark M. George
Mark M. George

8